IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-01348-CMA-KLM

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

    Plaintiffs,

v.

CLEAR CREEK CONSULTING, INC., a Colorado corporation, and
JOHN DOES 1-5,

    Defendants.

**ORDER GRANTING UNOPPOSED MOTION FOR THE
ENTRY OF AN ORDER FOR PERMANENT INJUNCTION**

    This matter is before the Court on Plaintiff's Unopposed Motion for the Entry of an Order for Permanent Injunction (Doc. # 9). As noted in the Unopposed Motion, Defendant Clear Creek Consulting, Inc. ("Clear Creek"), pursuant to D.C.COLO.LCivR 7.1.A. and without admitting any wrongdoing on its part, does not oppose the entry of the relief requested by the Unopposed Motion.

    ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED as follows:

    1.    Clear Creek, its agents, servants, employees, officers, successors, assigns and any persons acting in active concert or participation with them who receive notice of this Order are permanently restrained and enjoined, directly or indirectly, from or shall do the following:

a. Sending by any means, including telephone or Internet, through interstate commerce, any advertising or marketing that violates the Lanham Act (15 U.S.C. 1125(a)); which shall include, but is not limited to (a) making any false statements or misrepresentations about 20/20, its goodwill, reputation, services or business, or (b) making any false statements or misrepresentations about the business, the business operations or services of Clear Creek.  Anything said about Clear Creek shall be accurate and based on fact.

b. If, at any time when Clear Creek is marketing its tax resolution services, any customer, prospective customer or third party should inquire about, mention, or if 20/20 were to be directly or indirectly referred to during any conversation with a customer or prospective customer, Clear Creek shall indicate or say only, and nothing more than:

> "20/20 is a tax resolution company in Broomfield, Colorado. That is all I know.  If you need further information, please contact them directly."

> Or

> "It is our company policy to not comment on our competitors."

c. Referring or communicating to any prospective customer or third party or provide any link to such prospective customer or third party to any Internet website that references or mentions 20/20 other than to http://www.2020taxresolution.com.

d. Within 10 days of the entry of this Order, distribute a written directive to all of its employees instructing them, at all times when performing services for Clear Creek, to strictly adhere to the orders set forth in 1(a), 1(b), and 1(c) immediately above. Clear Creek shall supervise and monitor the Company's employees to assure adherence to the orders set forth in 1(a), 1(b), and 1(c) immediately above, and from time-to-time, and not less than once every other calendar quarter, reiterate the directive to Clear Creek's employees, and shall be certain that all new employees immediately receive such directive upon being hired, and are familiar with the directive and its contents.

e. Remove from, and in the future not post on, Clear Creek's website or in any way send through interstate commerce any endorsement or testimonial about Clear Creek or the services it provides that violates 16 CFR 255, Federal Trade Commission "Guides Concerning the Use of Endorsements and Testimonials in Advertising."

f. Not assist, aid or abet any other person or entity in engaging in any false advertising or marketing in violation of the Lanham Act or this Order for or on behalf of Clear Creek.

2. If Clear Creek is alleged to be in violation of this Order, 20/20 shall provide Clear Creek, and concurrently its counsel of record, with a written notice of such violations ("Violation Notice") and a notice of a 10-day right to cure (the "Cure Period") by overnight delivery via Federal Express, U.S. Mail or any other nationally recognized

overnight courier addressed to Chris Markwell, President, Clear Creek Consulting, Inc., 285 Century Pl., Ste. 200, Louisville, CO 80027 or at such other addresses that Clear Creek may subsequently provide in writing. In the event that Clear Creek moves and fails to provide 20/20 with written notice of its new address where it may receive notice, 20/20 may serve the Violation Notice at the aforesaid address (or any subsequent address provided in accordance with this Order) and the mailing of the Violation Notice to that address will be sufficient notice under the terms of this Order. The delivery of the Violation Notice and expiration of the Cure Period shall be conditions for 20/20 to file a motion with this Court for remedies due to a violation of this Order, and in any motion 20/20 shall state that it has met these conditions.

3. Nothing in this Order shall prevent Clear Creek, its agents, servants, employees, officers, attorneys, successors, assigns, and any persons acting in concert with them from conducting tax negotiation and resolution, so long as they comply with the provisions of this Order. Specifically, notwithstanding any provision to the contrary, Clear Creek may create and conduct advertising or marketing that does not otherwise violate the terms of this Order.

4. The fact that Clear Creek has net opposed the motion seeking entry of this Order and Clear Creek's compliance with the Order does not and shall not (a) constitute an admission by Clear Creek that it has violated the Lanham Act, 16 CFR 255, or any other law, or (b) prejudice Clear Creek's ability to contest any allegation in the Complaint which Clear Creek has expressly denied.

5. In the event that the remaining claims in this case do not settle with the full agreement of all parties on all issues, nothing contained in this Order shall preclude any party from asserting any claim, defense, counterclaim or set-off that any party may have, provided, however, that Clear Creek may not hereafter challenge or contest the validity of this Order.

6. In the event that any proceeding is commenced to enforce this Order or any provision therein, the losing party in the litigation or arbitration agrees to pay or reimburse the prevailing party for the payment of all reasonable costs and expenses that the prevailing party incurred through the legal proceedings (including reasonable attorneys' fees and costs of investigation) regarding enforcement of this Order.

7. This Order is not admissible as evidence pursuant to Rule 406 of the Federal Rules of Civil Procedure except for the purpose of its own enforcement.

8. Within seven (7) days after the effective date of this Order, Clear Creek shall deliver a copy of this Order to all of the officers, directors, and managers of Clear Creek, who will be involved in the implementation of this Order and in supervising and monitoring it's compliance with the provisions of this Order by the employees and agents of Clear Creek, and shall obtain from each such person who has received a copy of this Order, a signed and dated acknowledgment of its receipt, and shall deliver those acknowledgments to counsel for 20/20.

9. The Court shall retain jurisdiction of this action for such further proceedings and to enter further orders as may be necessary or appropriate to implement and enforce the provisions of this Order.

DATED: October  29 , 2010

BY THE COURT:

*(signature)*
_____
CHRISTINE M. ARGUELLO
United States District Judge