IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01348-CMA-KLM

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

　　Plaintiff,

v.

CLEAR CREEK CONSULTING, INC., a Colorado corporation; and JOHN DOES 1-5,

　　Defendants.

---

## PROTECTIVE ORDER

---

　　Certain documents, testimony, and other information to be disclosed or produced in this litigation may contain trade secrets or other confidential and proprietary research, development, or commercial information; private and personal information, documents, and other information protected from disclosure by applicable law.

　　As used in this Protective Order ("Protective Order"), the term "Plaintiff" refers to 20/20 Financial Consulting, Inc. and the term "Defendant" refers to the Clear Creek Consulting, Inc. Plaintiff and Defendant may be referred to collectively as "Party" or "Parties."

　　To preserve the confidentiality of certain documents and information pursuant to Fed.R.Civ.P. 26(c), it is ordered as follows:

　　1.　　Any document, portion of a document, interrogatory answer, response to request for admission, deposition testimony, affidavit, expert report, legal brief or memoranda, technical or commercial information, or any other information produced or disclosed during the course of

EXHIBIT 1

pre-trial proceedings in this action, may be designated as "CONFIDENTIAL" for protection under this Protective Order by any Party or third party witness if, in good faith, the designating person reasonably believes that such material is not generally known and/or is of a type that the designating person would require third parties to maintain in confidence - provided nothing herein shall constitute a waiver of the attorney-client privilege, the attorney work-product privilege, or any other privilege.

2.  Material designated for protection under this Protective Order ("Protected Material") as described in Paragraph 1 above shall be stamped or labeled:

(a) "CONFIDENTIAL;" or

(b) "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

The words above in quotation marks shall be placed clearly on each such page or each portion of the Protected Material. In lieu of marking the original of a document, if the original is not produced, the designating person or entity may mark the copies that are exchanged or produced. To the extent possible, the designation should not be placed so as to obscure any substantive content of a document.

3.  Protected Material produced or exchanged in the course of this litigation shall be used only for the purpose of the Parties' prosecution or defense or settlement of this action, including appeals related to this action. Protected Material shall not be used or shown, disseminated, copied, or in any way communicated, orally, in writing, or otherwise, to anyone for any purpose whatsoever, other than as required by a Party for the preparation of this case. Access to Protected Material shall be limited to those persons designated as "Qualified Persons" in Paragraphs 4 and 5 below, and all such qualified persons given access to Protected Material

shall keep all Protected Material and the material contained therein confidential from all other persons.

4. Protected Material designated "CONFIDENTIAL" under Paragraph 2(a) may be disclosed only to the following persons ("Qualified Persons"):

(a) The Parties, including employees and officers of the corporate parties who are assisting counsel in the prosecution or defense of this case;

(b) Counsel for the Parties, including in-house counsel of Defendants, and regular employees of such counsel whose functions are necessary to the prosecution or defense of this action;

(c) Consultants and experts of or retained by the Parties, or the Parties' counsel, and the employees of such consultants and experts, but only to the extent reasonably necessary for the prosecution or defense of this action, provided that such consultant or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as "Exhibit A," and provided that no disclosure shall be made to any expert or consultant who is employed by, an independent contractor to, or a consultant to a direct competitor of either of the Parties or their subsidiaries or successors;

(d) Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the Protected Material, or who already possess a copy of the Protected Material;

(e) The Court and court personnel, court reporters, employees of outside copy services used to make copies of Protected Material, and mediators, arbitrators, or other personnel

engaged as part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action; and

(f) Any other person as to whom the Parties agree in writing, provided that such person has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as "Exhibit A."

5. Protected Material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under Paragraph 2(b) may be disclosed only to the following Qualified Persons:

(a) Attorneys representing or advising a Party in connection with this action, and their paralegals or their other employees who require access to Protected Material for the purpose of litigation of this action, including in-house counsel of Defendants;

(b) The designating Party, including current and former employees and officers of the designating Party who are assisting counsel in the prosecution or defense of the case;

(c) Outside experts and consultants retained by any Party in good faith for the preparation or trial of this action, but only to the extent reasonably necessary for the prosecution or defense of this action, provided that such consultant, or expert has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as "Exhibit A," and provided that no disclosure shall be made to any expert or consultant who is (i) employed by a direct competitor of either of the Parties or their subsidiaries or successors; (ii) affiliated with either of the Parties' competitor(s); or (iii) currently providing services to any competitor of either of the Parties' or their subsidiaries or successors;

(d) Persons who are shown on the face of the document to have been an author, source, addressee, or recipient of the protected material, or who already possess a copy of the Protected Material;

(e) The Court and court personnel, court reporters, employees of outside copy services used to make copies of Protected Material, and mediators, arbitrators, or other personnel engaged as a part of alternative dispute resolution, to the extent reasonably necessary for the conduct of this action and any other person as to whom the parties agree in writing; and

(f) Any other person as to whom the Parties agree in writing, including witnesses who testify at depositions, hearing, or at trial, provided that such person has been informed of this Protective Order and has signed the Agreement to Be Bound attached hereto as "Exhibit A."

Any challenge to documents designated " "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be made in accordance with Paragraph 22 of this order. As used in this document, the term "competitor" means any designer entity engaged in the business of resolving tax liability of their clients including all subsidiaries, parent companies, and affiliates.

6. All Qualified Persons to whom Protected Material is to be disclosed in accordance with the terms of this Protective Order, except counsel of record, shall be advised by counsel of the terms of this Protective Order, shall be informed that they are subject to the terms and conditions of this Protective Order, and, where indicated in Paragraphs 4 and 5, execute the Agreement to Be Bound attached hereto as "Exhibit A" prior to any disclosure. The provisions of this Protective Order and the obligations not to disclose or use Protected Material, except as may be specifically ordered by the Court, shall remain in full force and effect as to all such person(s), and as to all such material.

7. Except to the extent permitted by this Order, every Qualified Person provided copies of or access to Protected Materials shall keep all such materials, and any permitted copies, notes, abstracts, or summaries of such material, within their exclusive possession and control, shall exercise all necessary and prudent precautions to maintain the confidentiality of all such materials, and shall not disseminate such materials or their contents to anyone.

8. Any Qualified Person having access to Protected Materials shall, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or any portion thereof are created, treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or any portion thereof as confidential, and all provisions of this Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential.

9. Protected Material disclosed at any deposition (including testimony, information, or exhibits) in this action shall be designated under Paragraph 2 by stating on the record at the deposition that the testimony is Protected Material and noting the appropriate category of classification. Upon request by the designating Party, the court reporter shall designate those portions of the deposition transcripts that are considered to be Protected Material with the appropriate legend indicated under Paragraph 2. All persons who are not Qualified Persons for purposes of the particular designation (see Paragraphs 4 and 5) under this Protective Order shall be excluded from depositions where documents, testimony, and information designated pursuant to this Protective Order are the subject of examination. Any Party or third party witness may also designate testimony, information, or exhibits disclosed at such deposition as Protected Material by notifying the other Parties in writing within thirty (30) days after receipt of a

transcript of that deposition. During that 30-day period, the Parties shall treat the transcript as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" unless the Parties otherwise agree or the Court otherwise orders. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody, or control.

10. If, due to inadvertence or mistake, a designation of Protected Material under Paragraph 2 is not made at the time of disclosure, a Party or third party witness may designate documents or information under Paragraph 2 by serving notice of such designation upon the Parties in writing. Following such designation, the terms of this Protective Order shall apply and disclosure of the Protected Material following such designation shall be made only in accordance with this Protective Order. The disclosure of the Protected Material prior to such designation shall not be deemed a waiver of the designating Party's right to preserve the alleged proprietary, confidentiality, or trade secret status of the Protected Material. The disclosure of the Protected Material prior to such designation also shall not be considered a violation or breach of the Protective Order, but nothing herein shall immunize a disclosure otherwise prohibited by law.

11. The Parties agree that the inadvertent production of any documents that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing Party, it will promptly return the document, destroy all copies (including copies on any electronic database), and make no use or further disclosure of the information contained in the document.

12. This Protective Order shall be without prejudice to the right of any Party to present a motion to the Court under the Federal Rules of Civil Procedure (or other applicable law) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein and including challenges to designations made pursuant to this Protective Order.

13. With respect to all motions and pretrial proceedings, any Party who intends to file Protected Material or portions thereof or information from the Protected Materials in support of or in connection with such motion or proceeding shall, subject to the provisions of D.C.COLO.LCivR 7.2, cause them to be filed or lodged with the Court under seal by filing them in an envelope or container or electronically as permitted by electronic filing guidelines with a label prominently stating, "SEALED BY PROTECTIVE ORDER ON (DATE OF THIS PROTECTIVE ORDER)" for printed filings and electronically marked as "UNDER SEAL" for electronic filings and also stating:

> "THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT."

and shall remain sealed while in the office of the Clerk so long as they retain their status as Protected Materials. Such Protected Materials shall be kept under seal until further order of the Court; however, said Protected Materials and other papers filed under seal shall be available to the Court, to counsel of record, and to all other persons entitled to receive the Protected Materials contained therein under the terms of this Order.

14. Each Party shall use reasonable efforts to maintain, to the extent possible, the confidentiality of Protected Material when such material is used at a hearing or other pretrial proceeding and shall cooperate both with the designating Party and the Court in preserving any confidentiality of the Protected Material. In the event that any Protected Material is used in any court proceeding and not disclosed to the public, it shall not lose any confidential status through such use. The use and treatment of confidential material at trial will be addressed with the Court at the ~~pre-trial~~ trial preparation conference. *KLM*

15. A receiving Party shall be under no obligation to object to the designation of any document at the time the designation is made, or at any other time, and a Party shall not, by failing to object, be held to have acquiesced or agreed to the designation or be barred from objecting to the designation at any time.

16. Nothing herein shall prejudice the Parties' right to object to the admission into evidence of any documents or things containing Protected Material.

17. Except as otherwise stipulated by the Parties or ordered by the Court, nothing herein shall impose any restrictions on the use or disclosure by the Parties of their own Protected Material.

18. This Protective Order shall not be used to require any Party to produce any particular document or information. For example, a Party may have other objections to the production of such documents or a portion of them (*e.g.*, a portion of a document may also be privileged as an attorney-client communication). Instead, this Protective Order shall simply facilitate the exchange of documents and information between the Parties. All Parties retain

whatever burden they have under the Federal Rules of Civil Procedure for production of any specific document or information.

19. This Protective Order is entered for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order or the production of any information or document under the terms of this Protective Order shall be deemed to have the effect of an admission or waiver, including that anything is or is not a trade secret.

20. The Party or Parties receiving documents marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or documents that would otherwise fall under this Protective Order, shall not under any circumstances sell, offer to sell, advertise, or publicize the materials or any information contained therein.

21. A Party who receives a request or subpoena for the production or disclosure of materials marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or documents that would otherwise fall under this Protective Order shall, within 3 business days of receiving the request or subpoena, give counsel for the designating party written notice of the request or subpoena. A copy of the request or subpoena shall also be forwarded to the counsel for the designating party. No documents marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY' or documents that would otherwise fall under this Protective Order shall be produced until the designating party has received a copy of the request or subpoena and has had a reasonable opportunity to seek the proper relief. If the designating party makes a motion or other application for relief the party to who the subpoena is

directed shall not produce or disclose the requested information without the consent of the producing party or until ordered to do so by a court of appropriate jurisdiction.

22.     If a Party contends that any document or material has been erroneously or improperly designated as "Confidential" or "HIGHLY CONFIDENTIAL – Attorney's Eyes Only", that Party shall notify the designating Party in writing of its objection and the basis for the objection. The designating Party shall then have 20 days from receipt of the written objection to respond to the objecting Party and to arrange for a meet and confer. After conferral pursuant to D.C.COLO.LCivR 7.1.A, a Party may file a motion to resolve any dispute. The Party asserting a "Confidential" or "HIGHLY CONFIDENTIAL Attorneys' Eyes Only" designation will bear the burden of proving such protection is warranted. Pending any Court ruling, the provisions of this Protective Order shall apply and disclosure and use of the challenged documents or information shall not be made except as provided under this Protective Order.

23.     Absent written agreement by the Parties or Court Order, this <u>Interim</u> Protective Order shall not be modified without a showing of good cause and the satisfaction of any other applicable burdens under the law.

24.     After termination of this action, all documents and other tangible items containing Protected Material, including all copies, notes, electronic data, and other materials containing or referring to information derived therefrom, shall, within 90 days after termination, be delivered to the designating Party or destroyed at its expense, except a Party and its counsel of record need not destroy or return Protected Material filed with the Court or destroy or return Protected Materials (designated by another) incorporated in attorney work product or attorney-client communications retained solely by counsel of record.

25. This Protective Order shall survive the final termination of this action, unless the Court modifies this Order, at which time the modified order shall control, ~~and the Court shall retain jurisdiction to resolve any dispute concerning any designation or use of information disclosed subject to this Protective Order~~.

Dated this 11TH day of February, 2011.

BY THE COURT:

_____
United States ~~District~~ Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01348-CMA-KLM

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

    Plaintiff,

v.

CLEAR CREEK CONSULTING, INC., a Colorado corporation; and JOHN DOES 1-5,

    Defendants.

---

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

---

I, _____, declare and agree as follows:

1. I have received and read an entire copy of the PROTECTIVE ORDER entered by the Court in the above-captioned matter regarding the treatment of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

2. I have had the opportunity to discuss with the undersigned counsel of record the nature and ramifications of the Protective Order and understand each of its terms.

3. I understand that, on behalf of Plaintiff or Defendant, I will be given access to review documents that contain confidential and proprietary information, documents that may contain other information protected from disclosure, documents that contain trade secrets, all of which information would not otherwise be accessible to me but for the fact that I am agent for Plaintiff or Defendant in this action.



4. I agree to be bound by the terms of the Protective Order and understand that my breach of it, or any of its terms, may result in the imposition of sanctions by the Court, the commencement of contempt proceedings against me, and the commencement of other proceedings to enforce the terms of the Protective Order. I understand that the Protective Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt.

5. To this end, I agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any proceedings that may be instituted to enforce the terms of the Protective Order. In any such proceedings, I agree not to assert any defense based upon lack of personal jurisdiction, lack of subject matter jurisdiction, or improper venue.

I declare under penalty or perjury that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

Executed this _____ day of _____, 2011, at _____.

Signed _____

INSOFAR AS APPLICABLE:

_____
Counsel of Record